Nora, J.
This question may be considered as settled in the case of John Sturgineger, et al. v. A. Hannah, et al.,[1] in which the opinion of the Court has just been delivered. The husband could not be considered as having the possession as long as the money remained subject to the control of the Court. A. Court of Equity, in all probability, under similar circumstances, would order the money to be settled upon the wife, which could not be done if the right of the husband had been consummated by possession. Perhaps it is not altogether an unimportant con- -, sideration, that the *money in this case was the proceeds of land J belonging to the wife. Previous to the Act of 1791, the husband had only an unsufructuary interest in the real estate of the wife, during her life, except where he became a tenant by courtesy ; and there is nothing in that Act, from whence it can be inferred, that it was the intention of the Legislature to alter their relative rights in that respect, except that he is entitled to a part of the inheritance after her death. The Act does indeed direct, that the land shall be sold where it cannot be conveniently divided. And as this Court cannot order a settlement, the money must be paid over to the husband. The consequence is, that the land, by a legal operation, is converted into money, and the interest of the wife in her patrimony destroyed. The effect of that provision, I am constrained to believe, was not foreseen at the time it was enacted, and furnishes an additional reason why the marital rights of the husband should not be extended by construction.
The motion must be discharged.
Coioook, Gantt, Johnson and Rjohabdson, JJ., concurred.

 Ante, 147.

 1 Brev. 484.